IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH SMOLLECK,)
)
Plaintiff,)
)
vs.) Civil Action No. 12-1493
)
MICHAEL J. ASTRUE,)
COMMISSIONER OF SOCIAL SECURITY,)
)
Defendant.)

ORDER

AND NOW, this 10th day of March, 2014, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan,

1

738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] The Court finds no merit in Plaintiff's arguments, including his assertion that the Administrative Law Judge ("ALJ") erred in finding that Plaintiff did not meet Listing 9.08, 20 C.F.R. Part 404, Subpart P, Appendix 1, at Step Three of the sequential analysis, and in determining Plaintiff's residual functional capacity ("RFC"). Accordingly, the Court finds that substantial evidence supports the ALJ's finding that Plaintiff is not disabled.

Listing 9.08, as of the time of the ALJ's decision, provided that to meet the listing for diabetes mellitus, it must be established that Plaintiff experiences:

> A. Neuropathy demonstrated by significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, or gait and station (see 11.00C); or
> B. Acidosis occurring at least on the average of once every 2 months documented by appropriate blood chemical tests (pH or PCO2 or bicarbonate levels); or
> C. Retinitis proliferans; evaluate the visual impairment under the criteria in 2.02, 2.03, or 2.04.

Listing 11.00C explains that the assessment of impairment based on persistent disorganization of motor function depends on the degree of interference with locomotion and/or interference with the use of fingers, hands, and arms.

Although the ALJ did not expressly refer to Listing 9.08 by number in his decision, it is clear that he considered the criteria set forth therein. First, he specifically stated at the hearing that he would be "looking carefully" at whether Plaintiff met Listing 9.08. (R. 49).

2

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 8) is DENIED and defendant's Motion for Summary Judgment (document No. 12) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

Moreover, in the part of his decision discussing whether Plaintiff met a listing at Step Three, the ALJ included a substantial discussion regarding the effects of Plaintiff's bilateral foot pain on his ability to function and ambulate. This discussion clearly related to subsection A of Listing 9.08, and as there is no evidence that would implicate the other two subsections of that listing, no further discussion was needed. An ALJ is not required to use any particular language or adhere to a particular format in performing the Step Three analysis, nor must he necessarily even identify the most relevant listing. What he must do is sufficiently develop the record and clearly evaluate the available evidence of record in making his Step Three findings so as to permit meaningful review. See Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004); Scatorchia v. Comm'r of Soc. Sec., 137 Fed. Appx. 468, 471 (3d Cir. 2005). Here, the ALJ did just that, even if he did not expressly cite Listing 9.08. Moreover, contrary to Plaintiff's contentions, the ALJ did consider Dr. Kevin Grosso's opinion in determining whether he met a listing. Although he did not mention Dr. Grosso by name, he expressly referenced Exhibit 14F, which contained Dr. Grosso's opinion. (R. 17).

Likewise, although the ALJ again did not refer to Dr. Grosso by name, he also considered Exhibit 14F in determining Plaintiff's RFC. (R. 20). Indeed, the RFC is generally consistent with Dr. Grosso's opinion. Moreover, the ALJ provided a proper basis for evaluating Plaintiff's credibility as to the intensity, persistence, and limiting effects of his ailments. Accordingly, substantial evidence supports the ALJ's RFC determination and his ultimate finding that Plaintiff was not disabled.

3